# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Nell Guffey

v.

Virginia Beach
General Hospital

October 24, 1990

Case No. (Law) CL88-2783

By JUDGE ALAN E. ROSENBLATT

This matter is before the Court on the defendant's Demurrer to Count Two of the Motion for Judgment. The matter has been briefed by counsel and argument has been waived.

On October 27, 1987, the plaintiff arrived at Virginia Beach General Hospital after stopping at Hardees to get breakfast. She arrived between 5:10 and 5:20 a.m. for her 6:00 a.m. shift in the housekeeping department. Guffey placed her car near the loading dock which was an area where housekeeping employees were requested to park. The plaintiff was in uniform as she exited her automobile, placed her purse in the trunk, turned, and was accosted by two males whom she had never seen before.

One of the men inquired if she worked at Virginia Beach General Hospital. When she said yes, they replied that it was all they needed to know, forced her into the back seat of their car, and drove away. As they were leaving the hospital parking area, one of the men forced her to look at the hospital sign. He informed Guffey that they wanted her to know where she was. The plaintiff was robbed, raped, beaten, and repeatedly slashed by her assailants both on and off the defendant's premises.

Count Two of the motion for judgment alleges that the defendant breached its employment contract with the plaintiff. Specifically, it alleges that defendant "would provide security officers who would patrol the premises and afford protection to both patients and staff and who would be prepared to question or apprehend any person acting in a suspicious manner." It further alleges that "plaintiff . . . failed to provide competent and careful security officers and those officers which it did provide failed to discharge their responsibilities in a competent and effective manner." As a result of the breach of contract, the plaintiff concludes that she was assaulted, raped, and abducted and suffered injuries and damages. The narrow question before the court is whether the plaintiff can recover damages in a contract action for pain and suffering resulting from bodily injury and mental anguish from humiliation and permanent deformity.

The issue presented appears to be one of first impression in Virginia. Because personal injury questions are usually filed under tort rather than contract theories, little case law exists on whether "tort like" damages are available in a contract claim.

The plaintiff stresses the compensatory nature of damages in breach of contract actions. In *Kamlar Corp. v. Haley*, 224 Va. 669, 706 (1983), the court noted that "damages for breach of contract . . . are subject to the overriding principle of compensation. They are within the contemplation and control of the parties in framing their agreement." The court added that contract damages are "limited to those losses which are reasonably foreseeable when the contract is made." *Id.*

Guffey argues that it is foreseeable that a breach of her employment contract would result in personal injury. The plaintiff and defendant entered into an employment contract whereby Virginia Beach General Hospital agreed to provide security officers for the protection of patients and staff. Where security is not adequately provided, injury is a possible, if not probable result. Guffey is entitled to compensation for injuries that were certainly within the contemplation and control of the parties when they entered into the contract. The plaintiff is therefore entitled to damages for pain and suffering resulting from

bodily injury and mental anguish from humiliation and permanent deformity.

The defendant argues that "damages for breach of contracts are limited to the pecuniary loss sustained." *Wright v. Everett*, 197 Va. 608, 615 (1956). Although there are no Virginia cases which define "pecuniary" in a contract action, the defendant cites *Wright* in support of the argument that only pecuniary damages are recoverable in a contract action. *Wright*, however, concerns the issue of exemplary damages and is not analogous to the instant case.

Virginia Beach General Hospital also cites a number of cases from foreign jurisdictions which define the word pecuniary. In *Broughel v. Southern New England Telephone Co.*, 48 A. 751 (1901), the court stated that:

> Injuries, in the sense of wrongful invasion of a right, may be considered as of two kinds: (1) pecuniary, and (2) non-pecuniary. Pecuniary injuries are such as can be, and usually are, without difficulty estimated by a money standard. Loss of real or personal property or of its use, loss of time, and loss of services are examples of this class of injuries. Non-pecuniary injuries are those for the measurement for which no money standard is or can be applicable. As the books phrase it, damages in such cases are "at large." Bodily and mental pain and suffering are familiar examples of this class.

The defendant concludes that "pecuniary losses are limited to those items that can be clearly measured in monetary terms and do not include pain and suffering or mental anguish and humiliation." *Defendant's Memorandum* at 5.

Under contract law, a party who proves a breach of contract is entitled to recover for damages sustained as a result of that breach. In Count Two, the plaintiff essentially alleges a contract to provide security in exchange for a promise to work. The loss she claims is not pecuniary; it cannot be measured in monetary terms. Nevertheless, it is a loss for which she is entitled to be compensated if she proves the contract and if she proves

that her loss arose from the breach of that contract. The defendant's argument would deprive the plaintiff of any remedy under the contract, regardless of whether there was a valid contract, solely because of the nature of her loss. It is the court's opinion that whether recovery lies in contract or tort depends upon the nature of the relationship between the parties and not upon the nature of the loss.

Therefore, the court finds that Count Two states a cause of action upon which relief can be granted. The demurrer is overruled.